court, upon appeal, dismisses plaintiffs' complaint, with costs, pursuant to the provisions of section 584 of the Civil Practice Act.* We do this because we are of opinion that, in view of the stipulation in the agreement or binder that plaintiffs were to receive their commissions from the defendant when the lease was signed, and it was conceded that the lease was never signed, plaintiffs have no cause of action. (*Reis Co.* v. *Zimmerli*, 155 App. Div. 260; *Larson* v. *Burroughs*, 131 id. 877; *Costa* v. *Schetz*, 175 N. Y. Supp. 476.) Kelly, P. J., Manning, Young and Kapper, JJ., concur; Lazansky, J., dissents.

NASSAU NATIONAL BANK OF BROOKLYN, Respondent, v. LUDWIG HUBOLD, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

PATRICK O'CALLAGHAN, an Infant, by PATRICK O'CALLAGHAN, His Guardian ad Litem, Respondent, v. COMMONWEALTH ENGINEERING CORPORATION, Appellant.— Judgment affirmed, with costs. No opinion. Kelly, P. J., Manning, Young and Lazansky, JJ., concur; Kapper, J., dissents upon the ground that actionable negligence was not established against the defendant.

PATRICK O'CALLAGHAN, Respondent, v. COMMONWEALTH ENGINEERING CORPORATION, Appellant.— Judgment affirmed, with costs. No opinion. Kelly, P. J., Manning, Young and Lazansky, JJ., concur; Kapper, J., dissents upon the ground that actionable negligence was not established against the defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALPHONSE GENTILE, Appellant.— Judgment of conviction of the Court of Special Sessions unanimously affirmed. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTOPHER McGUIRE, Appellant.— Judgment of conviction of the County Court of Orange county, and orders, reversed upon the law, and new trial ordered, for error in excluding answers to questions put on cross-examination to Sharpe and Carson, witnesses for the prosecution, at folios 107, 141–143. Kelly, P. J., Manning and Young, JJ., concur; Kapper and Lazansky, JJ., dissent, and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUNO SILVA, Appellant.— Judgment of Court of Special Sessions convicting defendant of the crime of carrying a dangerous weapon, reversed upon the facts, information dismissed, and bail exonerated. There is no sufficient evidence showing possession of the alleged dangerous weapon by defendant. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARIE WILLIAMS, Defendant. HENRY KARMEL, as Surety, Appellant.— Order denying motion to vacate and set aside order and judgment forfeiting undertaking of bail reversed upon the law and the facts, and motion to vacate said order and judgment granted. By section 545 of the Code of Criminal Procedure it is provided that upon reversal of a judgment of conviction without ordering a new trial, the appellate court must direct, if defendant be admitted to bail, that the bail be exonerated. That provision is mandatory. (*People* v. *Mershon*, 46 App. Div. 629.) In reversing the judgment of conviction against defendant Williams, this court, although she was admitted to bail, directed, not that the bail be exonerated, but that she be dis-

---

* Amd. by Laws of 1926, chap. 215.— [REP.